UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Stephanie Wainscott,<br><br>                                    Plaintiff,<br><br>v.<br><br>County of San Diego, Las Colinas Detention Facility, and City of La Mesa Police Department,<br><br>                                    Defendants. | Case No.:  3:20-cv-1359-GPC-WVG<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS; AND SUA SPONTE DISMISSING THE COMPLAINT WITH LEAVE TO AMEND**<br><br>**[ECF No. 2.]** |

**I. INTRODUCTION**

On July 17, 2020, Plaintiff Stephanie Wainscott ("Plaintiff"), proceeding pro se, filed an action against the County of San Diego, the Las Colinas Detention Facility, and the City of La Mesa Police Department ("Defendants").  (ECF No. 1-1.)  On July 20, 2020, Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 (a).  (ECF No. 2.)  For the following reasons, this Court **DENIES** Plaintiff's motion to proceed IFP and **DISMISSES** Plaintiff's action with leave to amend.

/ / /

/ / /

/ / /

## II. FACTUAL BACKGROUND

Plaintiff claims she was wrongfully detained at Las Colinas Women's Detention Center on August 1, 2019, at approximately 12:00 p.m.  (ECF No. 1-1 at 4.[1])  Plaintiff states Officer Rojas, an employee of the La Mesa Police Department, conducted her initial arrest in La Mesa earlier that day.  *Id.*  While at Las Colinas Women's Detention Center, Plaintiff states she was "tortured and physically and emotionally damaged by the police." *Id.*  Plaintiff describes the events that transpired after her arrest, alleging that she was "thrown into a cell full of [human excrement]" and "strapped to a gurney," while at Las Colinas Women's Detention Center.  *Id.*  Plaintiff also claims her "clothes were cut off as well as [her] hair and needles were administered into [her] arms, legs, and neck." *Id.*  Plaintiff alleges the officers at Las Colinas Women's Detention Center "antagonized" her and convinced her that she had "slit [her] wrists and [ ] was bleeding to death."  *Id.*

In addition, while in the care of the Las Colinas Women's Detention Center, Plaintiff alleges the officers initially denied her water and only offered her water that was laced with Xanax.  *Id.*  Plaintiff does not recall the number of days she was in custody. *Id.*  Plaintiff contends that she was never in the care of Grossmont Hospital despite the hospital staff contacting Plaintiff's grandmother claiming that [she] was in their care.  *Id.*  Plaintiff claims this experience has caused her physical and emotional injuries and she seeks general and compensatory damages for Defendants' alleged violations of her civil rights.  *Id.*

## III. DISCUSSION

### A. Motion for Leave to Proceed IFP Under 28 U.S.C. § 1915 (a)(1).

All parties filing any civil action, suit, or proceeding in federal district court must pay a $400 filing fee.[2]  *See* 28 U.S.C. § 1914.  However, a federal district court may

---

[1] Page numbers are based on the CM/ECF pagination.

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14

waive the filing fee if it is it appropriate to grant leave to proceed IFP.  28 U.S.C. § 1915 (a)(1).  In order to proceed IFP, a Plaintiff is required to submit an affidavit that details a statement of all assets as well as exhibits the Plaintiff's inability to pay the necessary filing fee.  28 U.S.C. § 1915(a)(1); *see also* S.D. Local Civ. R. 3.2.  Approval to proceed IFP is proper where the affidavit is "sufficient" in that it "alleges the [Plaintiff] cannot pay the court costs and still afford the necessities of life."  *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).  While the Plaintiff must show her financial situation prevents payment, she is not obliged to demonstrate complete financial insolvency. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948).  In evaluating an affidavit under this motion, courts are to consider whether the Plaintiff's financial circumstances have been conveyed "with some particularity, definiteness, and certainty." *Escobedo*, 787 F.3d at 1234 (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)); *see* 28 U.S.C. § 1915(a)(1) (to proceed IFP, a plaintiff must submit an affidavit that contains a complete statement of her assets and demonstrates her inability to pay the fee).  The court possesses the authority to deny a Plaintiff's motion to proceed IFP in the event the Plaintiff is "unable or unwilling to verify their poverty."  *McQuade*, 647 F.2d at 940.  A trial court has discretion to approve or deny leave to proceed IFP. *Skelly v. Dep't of Educ.*, No. 19-CV-1812-GPC, 2019 WL 6840398, at *2 (S.D. Cal. Dec. 16, 2019) (quoting *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965)).

Plaintiff has filed an unsigned affidavit supporting her IFP application without providing any factual support in that she claims no expenses or assistance in any form. (ECF No. 2.)  Instead, she marks all fields of the affidavit with a $0.00 value, "N/A" or leaves sections blank.  (EFF No. 2 at 1-5.)  In doing so, Plaintiff has failed to demonstrate her financial circumstances "with some particularity, definiteness, and certainty" leaving this Court with no factual basis to rely on in its evaluation of Plaintiff's motion.  *See*

(eff. June 1, 2016).  The additional $50 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

*Escobedo*, 787 F.3d at 1234 ("An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life.")  Accordingly, the Court **DENIES** Plaintiff's motion to proceed IFP.

**B. Sua Sponte Review Under 28 U.S.C. § 1915(e)(2)**

When a Plaintiff proceeds IFP, the Court has a sua sponte duty to screen the complaint.  28 U.S.C. § 1915(e)(2).  A motion proceeding IFP "shall" be dismissed if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Courts are instructed to interpret pro se pleadings "liberally" under this initial screening.  *Draper v. Rosario*, 836 F.3d 1072, 1080 (9th Cir. 2016).  "The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure ["Rule"] 12(b)(6)."  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  Rule 12(b)(6) demands the court to "take as true all allegations of material fact . . . and construe them in the light most favorable to the [Plaintiff]."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted).  While extensive detail is not required, the factual allegations in the complaint must "state a claim to relief that is plausible on its face" in order to withstand dismissal.  *Malibu Textiles, Inc. v. Label Lane Int'l, Inc.*, 922 F.3d 946, 951 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (the plausibility standard is met when pleadings convey factual content that "raise a right to relief that is above the speculative level").  In other words, a showing of plausible entitlement to relief requires a Plaintiff to "plead factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Conclusory statements or recitals of the elements of liability, however, will not suffice under the Rule 12(b)(6) standard.  *Id.*

In addition, dismissal is proper where a Plaintiff's complaint fails for lack of a cognizable legal theory.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).  Even if the Plaintiff presents a valid, cognizable legal theory, if the complaint is devoid of essential facts in furtherance of that theory, Rule 12(b)(6) dictates that

dismissal is warranted.  *Id.*  Despite the court's duty to liberally construe pro se pleadings, courts may not "supply essential elements of claims that were not initially pled."  *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss.").

### a.  42 U.S.C. § 1983 Claim

Section 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.  42 U.S.C. § 1983.  In order to prevail on a § 1983 claim, a complaint need contain "two essential elements": "(1) that a right secured by the Constitution or laws of the United states was violated; and (2) that the alleged violation was committed by a person acting under color of State law."  *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).  "The term 'persons' encompasses state and local officials sued in their individual capacities, private individuals, and entities which act under the color of state law and local governmental entities."  *Vance v. Cnty. of Santa Clara*, 928 F. Supp. 993, 995-96 (N.D. Cal. 1996).

States and state officials acting within their official capacity granted by the state are not considered "persons" within the language of § 1983.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (holding "a suit against a state official" is "a suit against that official's office" which is essentially "no different from a suit against the State itself," therefore "arm[s] of the state" enjoy Eleventh Amendment immunity from § 1983 liability).  In contrast, "municipalities and other local governmental units . . . [are] among those persons to whom § 1983 applies."  *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 688, 690 (1978).  Therefore, counties qualify as persons within the scope of § 1983.  *Jackson v. Barnes*, 749 F.3d 755, 764 (9th Cir. 2014).  However, § 1983 does not employ a theory of respondeat superior liability; a municipal entity cannot he held liable for the actions of its agents or employees alone.  *Board of Cnty. Com'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 403 (1997).  Thus, in order to demonstrate

liability, § 1983 compels a Plaintiff to allege some municipal policy or custom affected the alleged civil rights violation as opposed to the individual actions of those employed by the entity. *Brown*, 520 U.S. at 403; *see Daniel v. Contra Costa Cnty. Sheriff's Dept.*, Case No. 16-cv-02037-EMC, 2016 WL 5109992, at *2 (N.D. Cal. Sept. 21, 2016) ("To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation.").

In addition, a local jail or detention facility is not a "person" subject to suit under § 1983 because "[n]aming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality." *See Vance*, 928 F. Supp. at 996 (sua sponte dismissing Santa Clara Department of Corrections as not a proper party; instead County of Santa Clara is the proper party since Department of Corrections is an agency of the County) (citation omitted); *Spatcher v. San Diego Sheriff Dep't*, Case No. 19-cv-01919-BAS-BLM, 2019 WL 6877575, at *4 (S.D. Cal. Dec. 16, 2019) ("Departments of municipal entities are not 'persons' subject to suit under § 1983; therefore, local law enforcement agencies, like the SDSD and its detention facilities, are not proper parties"); *Paschelke v. Doe*, Case No. 09-2191-IEG (CAB), 2010 WL 2640501, at *1 (S.D. Cal. Jun. 30, 2010) (holding the "dismissal of the San Diego County Central Detention Facility [was] appropriate as this [d]efendant is not a 'person' subject to suit under § 1983.").

Here, Plaintiff's action fails because it does not satisfy both elements of a § 1983 claim. First, Plaintiff has not identified what particular constitutional right was violated as a result of Defendants' conduct. *See Kennedy v. H & M Landing, Inc.*, 529 F.2d 987, 989 (9th Cir. 1976) (the plaintiff's claim was deemed "facially insufficient" under § 1983 because the plaintiff failed to "identify the civil right allegedly invaded" by the defendant). Rather, Plaintiff merely states Defendants violated her "civil rights" when

Defendants detained her at Las Colinas Women's Detention Center without pointing out what constitutional right was violated.  (ECF No. 1-1.)  Such conclusory allegations are not sufficient to state a claim under § 1983.  *See Friedman v. Younger*, 46 F.R.D. 444, 446 (C.D. Cal. 1969) ("Conclusory allegations phrased in terms of 'deprivation of constitutional rights' are insufficient to defeat a [m]otion to [d]ismiss."); *Handy v. Taylor*, Case No. 20-CV-00305-YGR (PR), 2020 WL 4260737, at *1 (N.D. Cal. Jul. 24, 2020) ("To state a claim [under § 1983] a plaintiff must show a specific constitutional or federal guarantee safeguarding the interests that have been invaded.").

Second, Plaintiff names the County of San Diego, Las Colinas Detention Facility and City of La Mesa Policy Department as Defendants.  (ECF No. 1.)  While the County of San Diego may be considered a "person" subject to § 1983, *see Monell*, 436 U.S. at 691, Plaintiff has not alleged any municipal policy or custom that caused her purported injury.  *See id.* at 690.  Next, district courts are divided on whether a city police department is a person under § 1983.  *See Valenzuela v. San Diego Police Dep't*, Case No. 19-cv-00002-BAS-BLM, 2020 WL 804923, at *3 n.2 (S.D. Cal. Feb. 18, 2020) (denying dismissal of San Diego Police Department as an improper defendant but noting that "many district courts in the Ninth Circuit have concluded that police departments are not 'persons' under § 1983 and thus subject to dismissal").  Nonetheless, even if the police department was a proper party, Plaintiff's claim fails because under *Monell*, Plaintiff fails to allege her injury was caused by a custom, practice, or policy created by the municipality.  *See Monell*, 436 U.S. at 690-91; *Rodriguez v. Cnty. of Contra Costa*, Case No: C 13–02516 SBA, 2013 WL 5946112, at *3 (N.D. Cal. Nov. 5, 2013).  Finally, Las Colinas Detention Facility cannot be named as a defendant in this case as a county jail is not a "person" subject to suit under § 1983.  *See Vance*, 928 F. Supp. at 996.  Here, the County of San Diego is already a defendant and the appropriate defendant for claims alleged against Las Colinas Detention Facility.  Therefore, this Court sua sponte **DISMISSES** Plaintiff's complaint for failure to state a § 1983 claim against Defendants.

**C. Leave to Amend**

"A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citing *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).  Because Plaintiff's allegations could be cured by an amendment, the Court GRANTS Plaintiff leave to file an amended complaint.

### III.   CONCLUSION

For these reasons, this Court **DENIES** Plaintiff's motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) and **SUA SPONTE DISMISSES** the action under 28 U.S.C. § 1915(e)(2) with leave to amend.  Plaintiff shall file an amended complaint within 30 days of the filed date of this order.

IT IS SO ORDERED.

Dated:  September 25, 2020

Hon. Gonzalo P. Curiel
United States District Judge