UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Stephanie Wainscott,<br><br>            Plaintiff,<br><br>v.<br><br>County of San Diego, Las Colinas Detention Facility, and City of La Mesa Police Department,<br><br>            Defendants. | Case No.:  3:20-cv-1359-GPC-WVG<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS; SUA SPONTE DISMISSING THE COMPLAINT WITH LEAVE TO AMEND; AND DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF Nos. 6, 7.]** |

## I. INTRODUCTION

On July 17, 2020, Plaintiff Stephanie Wainscott ("Plaintiff"), proceeding pro se, filed an action against the County of San Diego, the Las Colinas Detention Facility, and the City of La Mesa Police Department ("Defendants").  (ECF No. 1.)  On the same day, Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).  (ECF No. 2.)  This Court dismissed Plaintiff's action with leave to amend and denied Plaintiff's motion to proceed IFP.  (ECF No. 4).

On October 23, 2020, Plaintiff, proceeding pro se, filed an amended complaint against Defendants.  (ECF No. 5.)  On December 3, 2020, Plaintiff again filed a motion to proceed IFP pursuant to 28 U.S.C. § 1915(a), (ECF No. 7), and a motion to appoint

counsel under 28 U.S.C. § 1915(e)(1). (ECF No. 6.) For the following reasons, this Court **GRANTS** Plaintiff's motion to proceed IFP, **DISMISSES** Plaintiff's action with leave to amend, and **DENIES** Plaintiff's motion for appointment of counsel.

## II. FACTUAL BACKGROUND

Plaintiff's First Amended Complaint ("FAC") is largely the same as her original complaint. Plaintiff claims she was wrongfully detained at Las Colinas Women's Detention Center on August 1, 2019, at approximately 12:00 p.m. (ECF No. 5 at 4, 16.[1]) She states Officer Rojas, an employee of the La Mesa Police Department, arrested her in La Mesa earlier that day, after which time she was taken to Las Colinas Women's Detention Center. (*Id*. at 4, 16.) While at Las Colinas Women's Detention Center, Plaintiff states she was "tortured and physically and emotionally damaged by the officer and i.e. persons employed for and or thru [sic] Las Colina[s] Women[']s Detention Center." (*Id.* at 16.)

Specifically, Plaintiff claims she was "thrown into a cell full of poop" and "strapped to a gurney. (*Id.* at 4.) Plaintiff also claims her "hair was cut by officers," her "clothes were cut off," and "needles were administered into [her] arms, feet, and neck." (*Id.* at 16.) Plaintiff alleges the officers at Las Colinas Women's Detention Center "antagonized" her and convinced her she had slit her own wrists and was left to bleed to death. (*Id.* at 4, 16.) Additionally, Plaintiff claims the officers initially denied her water when she requested it, and then later gave her water laced with Xanax. (*Id.* at 4, 16.)

Plaintiff does not recall the number of days she was in custody at Las Colinas Women's Detention Center. (*Id.* at 4.) She contends that she was never in the care of Grossmont Hospital despite the hospital staff contacting Plaintiff's grandmother claiming that she was in their care. (*Id.*) Plaintiff claims this experience has caused her life-long physical and emotional injuries. (*Id.* at 5.) She alleges violations of her civil rights, specifically her First and Fourteenth Amendment rights. (*Id.* at 3, 17.)

---

[1] Page numbers are based on the CM/ECF pagination.

## III. DISCUSSION

**A. Motion for Leave to Proceed IFP Under 28 U.S.C. § 1915(a)(1).**

All parties filing any civil action, suit, or proceeding in federal district court must pay a $400 filing fee.[2] *See* 28 U.S.C. § 1914. However, a federal district court may waive the filing fee if it is appropriate to grant leave to proceed IFP. 28 U.S.C. § 1915 (a)(1). In order to proceed IFP, a Plaintiff must submit an affidavit that details a statement of all assets, as well as exhibits that demonstrate the Plaintiff's inability to pay the necessary filing fee. 28 U.S.C. § 1915(a)(1); *see also* S.D. Local Civ. R. 3.2. Approval to proceed IFP is proper where the affidavit is "sufficient" in that it "alleges the [Plaintiff] cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). While the Plaintiff must show her financial situation prevents payment, she is not obligated to demonstrate complete financial insolvency. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). In evaluating whether a Plaintiff may proceed IFP, courts consider whether the Plaintiff has detailed her financial circumstances "with some particularity, definiteness, and certainty." *Escobedo*, 787 F.3d at 1234 (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)); *see* 28 U.S.C. § 1915(a)(1) (to proceed IFP, a plaintiff must submit an affidavit that contains a complete statement of her assets and reflects her inability to pay the fee). The court has discretion to deny a Plaintiff's motion to proceed IFP if the Plaintiff is "unable or unwilling to verify [her] poverty." *McQuade*, 647 F.2d at 940. A trial court has discretion to approve or deny leave to proceed IFP. *Skelly v. Dep't of Educ.*, No. 19-CV-1812-GPC, 2019 WL 6840398, at *2 (S.D. Cal. Dec. 16, 2019) (quoting *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965)).

---

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

Plaintiff has filed a signed affidavit in support of her IFP application. She marks most fields of the affidavit with a $0.00 value. (ECF No. 7 at 1-5.) The Court infers the fields Plaintiff has left blank—retirement, disability, unemployment, and public assistance—are inapplicable and have a $0.00 value. *Id.* at 2. Additionally, Plaintiff has indicated that she receives $150 per month in county benefits through the Supplemental Nutrition Assistance Program ("SNAP") and is enrolled in Medicare. *Id.* at 4. In doing so, Plaintiff has represented her financial circumstances "with some particularity, definiteness, and certainty." *Escobedo*, 787 F.3d at 1234 (quoting *McQuade*, 647 F.2d at 940). She has also demonstrated that she "cannot pay the court costs and still afford the basic necessities of life." *Id.* Accordingly, the Court **GRANTS** Plaintiff's motion to proceed IFP.

**B. Sua Sponte Review Under 28 U.S.C. § 1915(e)(2)**

When a Plaintiff proceeds IFP, the Court has a sua sponte duty to screen the complaint. 28 U.S.C. § 1915(e)(2). The Court "shall" dismiss a motion to proceed IFP if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Courts are to construe pro se pleadings "liberally" and "afford the petitioner the benefit of any doubt." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (quoting *Hebbe v. Pliler*, 627 F.3d 338. 342 (9th Cir. 2010)). "Only if it is absolutely clear that the deficiencies cannot be cured by amendment should the complaint be dismissed without leave to amend." *Campbell v. San Bernardino Cnty.*, 705 F.2d 1128, 1128 (9th Cir. 1983); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

The language of Section 1915(e)(2)(B)(ii) "parallels" that of Federal Rule of Civil Procedure ("Rule") 12(b)(6). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Under Rule 12(b)(6), the court must "take as true all allegations of material fact stated in the complaint and construe them in the light most favorable to the [Plaintiff]." *Id.* (citation omitted). While the Plaintiff need not develop her factual allegations in detail,

the Plaintiff's allegations "must be enough to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Malibu Textiles, Inc. v. Label Lane Int'l, Inc.*, 922 F.3d 946, 951 (9th Cir. 2019) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A claim is facially plausible when the Plaintiff "pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  However, a complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" does not pass muster under Rule12(b)(6). *Id.* (quoting *Twombly*, 550 U.S. at 555)).

Additionally, the court may dismiss a complaint as a matter of law for "lack of a cognizable legal theory" or "insufficient facts" under which a cognizable legal claim can be inferred. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). Although the court must liberally construe pro se pleadings, courts may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)1. 42 U.S.C. § 1983 Claims

**1. 42 U.S.C. § 1983 Claims**

Plaintiff has filed an action under 42 U.S.C. § 1983.  (*See* ECF No. 5.) "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of State law." *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).  As used in Section 1983, the word "persons" refers to "state and local officials sued in their individual capacities, private individuals, and entities which act under the color of state law and local governmental entities." *Vance v. Cnty. of Santa Clara*, 928 F. Supp. 993, 995–96 (N.D. Cal. 1996).  Because theories of respondeat superior do not attach under Section 1983, a municipal entity cannot he held liable for the actions of its agents or employees alone. *Board of Cnty. Com'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 403 (1997).  Rather, to prevail on a Section 1983 claim, a Plaintiff must identify that a municipal policy or

custom caused the alleged injury. *Brown*, 520 U.S. at 403; *see Daniel v. Contra Costa Cnty. Sheriff's Dept.*, Case No. 16-cv-02037-EMC, 2016 WL 5109992, at *2 (N.D. Cal. Sept. 21, 2016). Merely attributing the injury to an individual municipal employee's conduct is insufficient to state a claim under Section 1983. *Brown*, 520 U.S. at 403.

Plaintiff alleges violations of her First and Fourteenth Amendment Rights due to alleged abuses she experienced at the Las Colinas Women's Detention Center.

2. **First Amendment**

Plaintiff alleges officers and employees of the Los Colinas Women's Detention Center violated her First Amendment rights while she was detained there. (ECF No. 5 at 16.)

"To state a claim [under Section 1983], a plaintiff must show a specific constitutional or federal guarantee safeguarding the interests that have been invaded." *Handy v. Taylor*, No. 20-CV-00305-YGR (PR), 2020 WL 4260737, at *1 (N.D. Cal. Jul. 24, 2020). As a preliminary matter, incarcerated individuals' "constitutional rights are more limited in scope than the constitutional rights held by individuals in society at large." *Shaw v. Murphy*, 532 U.S. 223, 229 (2001).

To the extent Plaintiff asserts Defendants retaliated against her for exercising her First Amendment rights, she must demonstrate five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of [her] First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005). To the extent Plaintiff alleges she experienced a violation of the Free Exercise Clause of the First Amendment, she "must show the defendants burdened the practice of [her] religion, by preventing [her] from engaging in conduct mandated by [her] faith, without any justification reasonably related to legitimate penological interests." *Freeman v. Arpaio*, 125 F.3d 732. 736 (9th Cir. 1997). And finally, to the extent Plaintiff alleges a violation of the Establishment Clause of the First Amendment, government action survives such a

"challenge if it (1) has a secular purpose, (2) has a primary effect of neither advancing nor inhibiting religion, and (3) does not foster excessive government entanglement with religion." *Community House, Inc. v. City of Boise*, 490 F.3d 1041, 1054–55 (9th Cir. 2007) (paraphrasing the standard from *Lemon v. Kurtzman*, 403 U.S. 602 (1971)).

Plaintiff does not prevail on a retaliation theory, under the Free Exercise Clause, or under the Establishment Clause of the First Amendment. First, Plaintiff fails to specify from which clause of the First Amendment her cause of action emanates. She merely alleges that, while at Las Colinas Detention Center, her "[F]irst [A]mendment rights were wrongfully broken. religious and sexually violated [sic]." (*See* ECF No. 5 at 16.) She does not allege that a state actor retaliated against her based on impermissible conduct, let alone protected conduct necessary to state a claim for First Amendment retaliation. Nor does the FAC state Defendant impinged her ability to practice her religion as would be required to state a claim under the Free Exercise Clause of the First Amendment. Finally, Plaintiff fails to identify any government conduct that "has a primary purpose of [] advancing [or] inhibiting religion" as would be required to state an Establishment Clause claim under the First Amendment.

Plaintiff's First Amendment allegations are conclusory and unsupported by any factual allegations. Further, because Defendants include municipalities, Plaintiff is required to identify a custom, policy, or practice that contravenes the First Amendment under *Monell* and fails to do so. Accordingly, the Court **DISMISSES** Plaintiff's First Amendment claim.

**3. Fourteenth Amendment**

Plaintiff also alleges Defendants violated her Fourteenth Amendment rights while she was detained at Las Colinas Detention Center. (ECF No. 5 at 3.) The Fourteenth Amendment prohibits state action that "deprive[s] any person of life, liberty, or property, without due process of law[.] . . ." U.S. CONST. amend. XIV § 1.[3]

---

[3] Pretrial detainee claims of Fourteenth Amendment Equal Protection violations are also actionable under Section 1983. *See Bell v. Wolfish*, 441 U.S. 520, 545 (1979). However, as a threshold matter,

  When evaluating pretrial detainee claims that implicate a deprivation of liberty under the Due Process Clause of the Fourteenth Amendment, "the proper inquiry is whether those conditions amount to punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).  A pretrial detainee may prove a jail restriction or condition "was unconstitutionally punitive by showing that the action was expressly intended to punish or that the action served an alternative, non-punitive purpose but was 'excessive in relation to the alternative purpose.'" *Benitez v. Schumacher*, No. 2:20-cv-00396-FMO (SHK), 2020 WL 6526352, at *4 (C.D. Cal. May 4, 2020) (quoting *Demery v. Arpaio*, 378 F.3d 1020, 1028 (9th Cir. 2004)).  If a restriction or condition imposed by a jail "is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'"  *Wolfish*, 441 U.S. at 539.  On the other hand, "if a restriction or condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees . . . ." *Id.*

  The Due Process Clause of the Fourteenth Amendment also allows pretrial detainees to bring excessive force claims that amounts to punishment. *See Kingsley v. Hendrickson*, 576 U.S. 389, 391 (2015); *see also Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) ("[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment.").  In order to demonstrate excessive force, "a pretrial detainee must show only that the force purposely or knowingly used against him [or her] was objectively unreasonable." *Kingsley*, 576 U.S. at 396-97.  In *Kingsley,* the Supreme Court identified considerations which "illustrate the types of objective circumstances potentially relevant to a determination of excessive force," in the pretrial detention and include "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to

---

Plaintiff alleges no facts that would give rise to an Equal Protection claim.  Therefore, the Court does not construe her FAC to allege an Equal Protection violation.

temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id.* at 397. The Court held that "a pretrial detainee can prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Id.* at 398. The Court must make this determination "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.* at 397 (citing *Graham,* 490 U.S. at 396).

Plaintiff summarily alleges that Defendants confined her to a cell full of human excrement, cut her hair, administered needles into her arm, laced her water with Xanax, sexually assaulted her, and "tortured [her] physically and emotionally . . . ." (ECF No. 5 at 16.) These summary allegations do not provide any details about the circumstances surrounding the alleged assault and conduct by Defendants for the Court to assess whether it is plausible that the force used or conditions imposed were objectively unreasonable or whether those conditions amount to punishment of the detainee. *See Matthew v. Yellowstone Cnty.*, CV 16-00002-BLG-SPW-TJC, 2017 WL 9324518, at *3 (D. Mont. Feb. 15, 2017) (dismissing as conclusory allegation that the plaintiff was assaulted twice and sexually assaulted by the officer defendant without any facts surrounding the alleged assault); *Plunk v. Tulare Cnty.*, Case No.: 1:15-cv-01820-SAB (PC), 2016 WL 8731360, at *3 (E.D. Cal. Feb. 5, 2016) (dismissing excessive force claim under the Fourteenth Amendment because Plaintiff "does not explain what led to the incident, where the incident took place, what if any reasons were given by defendants for their actions, whether defendants engaged in other conduct to defuse the use of force, or why Plaintiff believes the use of force was objectively unreasonable."); *Townsend v. Sacramento Cnty. Sheriff's Dep't*, 2012 WL 4468672, at *2 (E.D. Cal. Sept. 26, 2012) (dismissing vague and conclusory claims of conditions of confinement under the Fourteenth Amendment).

9

3:20-cv-1359-GPC-WVG

In addition, Plaintiff does not allege that a particular custom, policy, or practice violated her Fourteenth Amendment rights which she must allege for liability to attach under *Monell*. Therefore, the Court **DISMISSES** Plaintiff's Fourteenth Amendment claim.

### C. Appointment of Counsel

Plaintiff has filed a motion for appointment of counsel. (ECF No. 6). "[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.*, 32 F. 3d 1360, 1363 (9th Cir. 1994) (citation omitted). Nevertheless, under 28 U.S.C. § 1915(e)(1), district courts have discretion to appoint legal representation for "any person unable to afford counsel." *See* 28 U.S.C. § 1915(e)(1); *see also Terrel v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Before a court may exercise its discretion to appoint counsel under Section 1915(e)(1), plaintiffs must exercise reasonable diligence to obtain counsel. *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993). Additionally, under Section 1915(e)(1), court appointment of counsel requires "exceptional circumstances." *Terrel*, 935 F.2d at 1017 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). To determine whether "exceptional circumstances" exist, courts must evaluate the petitioner's (1) likelihood of success on the merits, and (2) ability to articulate her claims pro se. *Id.* However, "[n]either of these issues is dispositive and both must be viewed together before reaching a decision." *Id.*

As explained above, Plaintiff has established her indigence as required by Section 1915(e)(1) by successfully obtaining IFP status. However, Plaintiff has not demonstrated that she has made a reasonably diligent effort to obtain counsel or provide reasons explaining her decision not to retain any of the attorneys she contacted. She claims to have called two San Diego-based attorneys and one, unnamed Los Angeles-based attorney. (ECF No. 6 at 2.) She states that she did not hire any of them because they were "not qualified" to handle her case and she "couldn't afford" their services. *Id.* She does not explain why these attorneys are not qualified to handle her case, but she states

that the Los Angeles-based attorney was "willing to fight case if I had 1900.00 upfront . . . . I don't want attorney on my end of case for Handling." *Id.*

Although Plaintiff does not meet these threshold requirements, the Court will analyze whether Plaintiff has sufficiently shown "exceptional circumstances" such that it may exercise its discretion to appoint counsel. "A plaintiff that provides no evidence of his likelihood for success at trial fails to satisfy the first factor of the [exceptional circumstances] test." *Torbert v. Gore*, No. 14-cv-2911-BEN-NLS, 2016 WL 1399230, at *1 (S.D. Cal. Apr. 8, 2016) (citing *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1983)). The Court finds that with respect to the first factor, Plaintiff's FAC is unlikely to succeed on its merits. As explained above, her claims are conclusory. She also does not articulate specific clauses under either the First or Fourteenth Amendment on which her claims rest. With respect to the second factor, Plaintiff does not offer reasons why she would be unable to articulate her claims pro se. Therefore, the Court **DENIES** Plaintiff's motion for appointment of counsel.

### D. Leave to Amend

"A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citing *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)). "Before dismissing a *pro se* civil rights complaint for failure to state a claim, the plaintiff should be given a statement of the complaint's deficiencies and an opportunity to cure." *Strong v. Woodford*, 428 F. Supp. 2d 1082, 1085 (C.D. Cal. 2006). Despite Plaintiff's attempt to cure the deficiencies noted in its prior order, the Court finds that her allegations could be cured by another amendment. Therefore, the Court **GRANTS** Plaintiff leave to file an amended complaint. However, the Court grants Plaintiff **one final opportunity** to amend the complaint and correct the deficiencies noted above.

### III.   CONCLUSION

For these reasons, this Court **DENIES** Plaintiff's motion to proceed IFP pursuant to 28 U.S.C. § 1915(a), **SUA SPONTE DISMISSES** the action under 28 U.S.C. § 1915(e)(2) with leave to amend, and **DENIES** Plaintiff's motion for appointment of counsel under 28 U.S.C. § 1915(e)(1).  Plaintiff shall file an amended complaint within 30 days of the filed date of this order.

IT IS SO ORDERED.

Dated:  March 2, 2021

*[signature]*
Hon. Gonzalo P. Curiel
United States District Judge